IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CHERYL ANNETTE CLY,

    Plaintiff,

vs.

NANCY A. BERRYHILL[1],
Acting Commissioner, Social Security
Administration,

    Defendant.

Case No. 16-CV-179-FHM

**OPINION AND ORDER**

Plaintiff, Cheryl Annette Cly, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill, Acting Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's June 25, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held July 1, 2014. By decision dated August 29, 2014, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 15, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff claims to have been unable to work since February 1, 2008 as a result of neck pain and dysfunction, hand problems, fibromyalgia, arthritis, irritable bowel syndrome, Crohn's disease, anxiety and depression.

## The ALJ's Decision

The ALJ made findings as to Plaintiff's residual functional capacity (RFC) for light exertional work performing simple tasks with routine supervision and no contact with the public. [R. 12-13]. The ALJ found that Plaintiff could not perform her past relevant work, and based on the testimony of a vocational expert, stated that there are a significant number of jobs in the national economy that Plaintiff could perform with her limitations. [R. 18]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to consider her hand impairments and failed to provide sufficient reasons to reject medical evidence about her reduced grip strength. Plaintiff also asserts that the ALJ's decision cannot stand because, instead of including findings as to the jobs the ALJ found she can perform, the text of the ALJ's decision contains asterisks

**Analysis**

Consideration of Hand Problems

Plaintiff argues that the ALJ erred in assessing her hand problems. During her carpal tunnel surgery it was found that Plaintiff has a congenital vascular problem, persistent median arteries, that was the underlying cause of her carpal tunnel symptoms. [R. 196]. Plaintiff states that the ALJ erred in failing to mention this impairment and failing to address its impact on her ability to perform work activities with her hands. Aside from pointing out the existence of this finding, Plaintiff does not address how the finding affects her functional abilities. No doctor assigned functional problems to the hand as a result of the vascular problem. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question

is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

Plaintiff also argues that the ALJ failed to address the several references in the record to her significantly reduced grip strength on the left. This argument has merit. The ALJ appears to have relied on her surgeon, Dr. Watts', post operation observation that Plaintiff's grip strengths are unreasonably low to discount Plaintiff's complaints of continued hand problems. However, following Plaintiff's release from the care of her hand surgeon in August 2009, there are several findings of significantly reduced grip strength on the left hand. [R. 217, 281, 381]. The court finds that the ALJ failed to adequately consider and discuss the loss of grip strength on the left. The RFC for unlimited operation of hand controls is not supported by substantial evidence. The ALJ's decision must therefore be reversed and the case remanded for further consideration of Plaintiff's ability to use her left hand.

<u>Limitation to Unskilled Work</u>

Plaintiff argues that the ALJ erred in posing a hypothetical question to the vocational expert that limited Plaintiff to unskilled work. Plaintiff asserts that the restriction to unskilled jobs does not in all instances account for the effects of mental impairments. Plaintiff has not, however, demonstrated that the limitation to unskilled work is insufficient to account for her mental limitations in this case.

## ALJ's Finding That Plaintiff Can Perform Work

42 U.S.C. § 405(b) directs the Commissioner of Social Security to:

> make findings of fact, and decisions as to the rights of any individual applying for a payment . . . . <u>Any</u> such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual <u>shall</u> contain a statement of the case, in understandable language, <u>setting forth a discussion of the evidence</u>, and stating the Commissioner's determination and <u>the reason or reasons upon which it is based</u>. [emphasis supplied].

The ALJ's decision does not contain an explanation for the finding that she can perform the requirements of jobs that exist in the national economy for one with Plaintiff's age, education, work experience, and RFC. The ALJ mentioned the testimony given at the hearing by a vocational expert and apparently intended to list the functional requirements of six jobs about which the vocational expert testified. However, instead of listing the names of the jobs, the number of jobs available, and the Dictionary of Occupational Titles (DOT) number for those jobs, the decision contains asterisks where that information should have been inserted in the decision. For instance the following is contained in the ALJ's decision:

> (1) \*\*\*\*\*\* (performed at the \*\*\*\* exertion level, unskilled with a Specific Vocational Preparation (SVP of 2), with \*\*\*\* jobs in the region (defined by the vocational expert as encompassing the States of Arkansas, Louisiana, New Mexico, Oklahoma, and Texas) and \*\*\*\* in the United States, Dictionary of Occupational Titles (DOT) Code #\*\*\*-\*\*\*.\*\*\*;
>
> (2) \*\*\*\*\*\* (performed at the \*\*\*\* exertion level, SVP 2), with \*\*\*\* jobs in the region and \*\*\*\*\* in the United States, DOT Code # \*\*\*-\*\*\*.\*\*\*;

[R. 18].

The Commissioner argues that omission of the information represented by asterisks is a mere typographical error. In a case such as this one, decided at step 5 of the evaluative sequence when it is not appropriate to employ the Medical Vocational Guidelines (grids),[3] the ALJ is required to:

> identify specific jobs that the claimant can perform with the restrictions that the ALJ has found the claimant to have, and verify that the jobs that the claimant can do exist in significant numbers in the regional or national economies.

*Haddock v. Apfel*, 196 F.3d 1084, 1088-89 (10th Cir. 1999), *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). The missing information is essential to providing the statutorily required explanation of the reasons for the ALJ's decision and for making the decision understandable. The ALJ is required to identify the jobs he relies upon at step five if the case progresses that far on remand.

## Conclusion

The ALJ's decision is REVERSED and the case is REMANDED for further proceedings as specified herein.

SO ORDERED this 25th day of April, 2017.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Medical-Vocational Guidelines (Grids) are matrices of four factors– physical ability, age, education, and work experience. The Grids set forth rules that identify whether jobs requiring specific combinations of those factors exist in significant numbers in the national economy. *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell,* 461 U.S. 458, 461-62, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs at step five of the evaluative sequence. 20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b).